David N. Salmon, Esq.
Nevada Bar No. 7168
**DAVID SALMON & ASSOCIATES, INC.**
7495 W. Azure Drive, Suite 102
Las Vegas, NV 89130
Phone: (702) 382-9696
E-Mail: dsalmon@dsalmonlaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT COURT OF NEVADA
# LAS VEGAS DIVISION

| | |
|---|---|
| WILLIAM EDDINS, an individual, | CASE NO.: 2:23-cv-01528-JCM-VCF |
| Plaintiff, | |
| vs. | **JOINT CONFERENCE REPORT UNDER FRCP 16(f) AND STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |
| STORE MASTER FUNDING, III, LLC, a limited liability company; DOE INDIVIDUALS 1-20, and ROE CORPORATIONS 21-40. | |
| Defendants. | **SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiff WILLIAMS EDDINS, by and through his attorneys at DAVID SALMON & ASSOCIATES, INC. and Defendant STORE MASTER FUNDING, III, LLC by and through its attorney JOHN E. GORMLEY, Esq. of OLSON CANNON GORMLEY & STOBERSKI, hereby submit this Joint Conference Report under FRCP 26(f) and Stipulated Discovery Plan and Scheduling Order, Submitted in Compliance with LR 26-1(b).

The parties held a scheduling conference under Federal Rule of Civil Procedure 26(f) on **December 21, 2023**. In attendance was DAVID N. SALMON, ESQ. on behalf of Plaintiff and JOHN E. GORMLEY, ESQ. for Defendant. The Parties communicated regarding preservation and presentation of discovery and a proposed discovery plan. The Parties are not currently aware of any unusual issues related to disclosure, discovery, preservation of electronically stored information, or claims of privilege related to trial preparation materials. Other than as described

herein, the Parties agree that no changes should be made in the limitations of discovery imposed under the Federal Rules of Civil Procedure or by local rule.

The parties now submit their proposed discovery plan and scheduling order in compliance with LR 26-1(b).

1. Discovery Cut-Off Date. The first defendant answered or otherwise appeared on **November 3, 2023**. The discovery cut-off date is **November 3, 2024**. **The Parties have requested a discovery period of one year due to the unique needs of litigation under the Americans With Disabilities Act. Specifically, any remediation work addressing the ADA violations claimed in Plaintiff's complaint will take time to perform. Because remediation work is a regular part of settling ADA cases, the Parties do not believe that a standard six-month discovery period will suffice to provide sufficient time to settle the instant case before trial.**

2. Amending the Pleadings and Adding Parties. The deadline to amend the pleadings and add parties is **August 5, 2024.**

3. Expert and Rebuttal-Expert Disclosures. The deadline to disclose experts is **September 4, 2024.** The deadline to disclose rebuttal experts is **October 4, 2024.**

4. Dispositive Motions. The deadline to file dispositive motions is **November 4, 2024.**

5. Pretrial Order. The deadline to file a pretrial order is **December 4, 2024.**

6. Fed. R. Civ. P. 26(a)(3). The disclosures required by this rule and any objections to them must be included in the joint pretrial order.

7. Alternative Dispute Resolution. The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation. Although the Parties do not believe that alternative dispute resolution is appropriate at the current time, the Parties remain open to ADR at some future time.

8. Alternative Forms of Case Disposition. The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P.

73 and the use of the Short Trial Program (General Order 2013-01). The Parties do not consent to trial by magistrate judge or the use of the Short Trial Program.

9. Electronic Evidence. The parties certify that they discussed whether to present evidence in electronic format to jurors for the purpose of jury deliberations. Counsel for the parties agree that evidence may be presented in an electronic format. The Parties currently have no stipulations regarding such evidence.

10. Later Appearing Parties: A copy of this discovery plan and scheduling order shall be served on any person served after it is entered or, if additional defendants should appear, within five (5) days of their first appearance. This discovery plan and scheduling order shall apply to such later appearing parties, unless a stipulation of the parties is approved by the Court or the Court, on motion for good cause, orders otherwise.

11. Extensions or Modifications of the Discovery Plan and Scheduling Order. Pursuant to LR 26-3, a motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order, must in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension; be received by the court no later than twenty-one (21) days before the expiration of the subject deadline; and any request within twenty-one (21) days of the subject deadline must be supported by a showing of good cause. Any request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. The motion or stipulation to extend a discovery deadline or to reopen discovery must include:

/ / /

/ / /

/ / /

    a. A statement specifying the discovery completed;

    b. A specific description of the discovery that remains to be completed;

    c. The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

    d. A proposed schedule for completing all remaining discovery.

**IT IS SO STIPULATED**

DATED this __4__ day of January 2024        DATED this __4__ day of January 2024

By:/s/ *David N. Salmon*                    By: /s/ *John Gormley*
DAVID N. SALMON, ESQ.                       JOHN GORMLEY, ESQ.
Nevada Bar No.: 7168                        Nevada Bar No. 001611
7495 W. Azure Dr. Suite 102                 9950 W. Cheyenne Avenue
Las Vegas, Nevada 89130                     Las Vegas, Nevada 89129
Telephone: (702) 382-9696                   Telephone: (702) 384-4012
*Attorney for Plaintiff*                    *Attorneys for Defendant*

**IT IS SO ORDERED**

_____
United States Magistrate Judge
Dated: 1-12-2024

## RE: Eddins vs Store Master Funding III

Marcy Winchell <mwinchell@ocgas.com>
Wed 1/3/2024 4:54 PM
To: Sheila Sneed <ssneed@dsalmonlaw.com>
Cc: Marcy Winchell <mwinchell@ocgas.com>

Sheila,

Sorry for the delay you may affix Mr. Gormley signature.

**Marcy L Winchell**
**Legal Assistant to John Gormley, Esq.**
**Olson Cannon Gormley & Stoberski**
**9950 West Cheyenne Ave.**
**Las Vegas, NV 89129**
**Tel: (702) 384-4012/Fax: (702) 383-0701**
**mwinchell@ocgas.com**

**Privileged and Confidential**
This email, including attachments, is intended for the person(s) or company named and may contain confidential and/or legally privileged information. Unauthorized disclosure, copying or use of this information may be unlawful and is prohibited. This email and any attachments are believed to be free of any virus or other defect that might affect any computer into which it is received and opened, and it is the responsibility of the recipient to ensure it is virus free, and no responsibility is accepted by Olson Cannon Gormley & Stoberski for any loss or damage arising in any way from its use. If you have received this communication in error, please immediately notify the sender at 702-384-4012, or by electronic email.

Marcy

---

**From:** Sheila Sneed <ssneed@dsalmonlaw.com>
**Sent:** Wednesday, January 3, 2024 1:47 PM
**To:** Marcy Winchell <mwinchell@ocgas.com>
**Subject:** Re: Eddins vs Store Master Funding III

Marcy: Can you check on the status of the review?

*Sheila R. Sneed*

Assistant to David N. Salmon, Esq.

David Salmon & Associates, Inc.

7495 W. Azure Dr. Suite 102

Las Vegas, Nevada 89130

Phone: (702) 382-9696

ssneed@dsalmonlaw.com